UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80159-CIV-MIDDLEBROOKS/JOHNSON

CHRISTOPHER BIVINS,

    Plaintiff,

vs.

WRAP IT UP, INC. d/b/a NATURE'S
WAY CAFÉ, ANNIE RASO, and
NATURE'S WAY CAFÉ
FRANCHISING, LLC

    Defendants.
_____/

## ORDER TO SHOW CAUSE

THIS CAUSE comes before the Court on Plaintiff's Motion to Compel Discovery (DE 21) and Motion for Sanctions (DE 22). The Court has reviewed the record and is fully advised in the premises.

Plaintiff, Christopher Bivins, filed his Complaint on February 20, 2007, alleging violations of Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000a, *et seq.*, 42 U.S.C. § 1981, the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et seq.*, and Section 15-57 of the Palm Beach County Code.

In their response to Plaintiff's Motion to Compel, Defendants state that "[a]dditional documents simply do not exist" and that they have provided Bates stamped documents responsive to Requests 1, 3, 4, 13, 14-16, 19-21, 23-26 and 34 of the First Request for Production and 1-3 of the Second Request for Production. However, Plaintiff states that he has not received

1

certain documents specified in Catherine Gillot and Annie Raso's deposition testimony.

Additionally, Plaintiff expresses concern that not all responsive documents have been produced, and Plaintiff bases this concern on an e-mail communication in which defense counsel responded to a request for records as follows: "I disagree that relevant information can be gleaned from time records. Also, my client will not voluntarily produce records - she is very angered over the absence of merit to the suit and the expenses she is incurring defending same." The e-mail pertains to time records, and the Court will not expand the scope of this statement beyond the time records context to include every one of Plaintiff's discovery requests.

Accordingly, it is

ORDERED AND ADJUDGED that Defendants shall show cause: 1) explaining the disparity between the deposition testimony and their assertion that additional documents simply do not exist and 2) why they should not be sanctioned. Defendants shall respond to this Order by **September 21, 2007.**

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 10th day of September, 2007.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record