UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80159-CIV-MIDDLEBROOKS/JOHNSON

CHRISTOPHER BIVINS,

    Plaintiff,

vs.

WRAP IT UP, INC. d/b/a NATURE'S
WAY CAFÉ, ANNIE RASO, and
NATURE'S WAY CAFÉ
FRANCHISING, LLC

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on Defendants' Motion for Summary Judgment (DE 27). Having carefully reviewed the record, and being otherwise fully advised in the premises, the Court finds that material issues of fact remain, precluding entry of summary judgment in this matter.

**I. Background**

Plaintiff, Christopher Bivins, filed his Complaint on February 20, 2007, alleging violations of Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000a, *et seq.*, 42 U.S.C. § 1981, the Florida Civil Rights Act ("FCRA"), Fla. Stat. §760 *et seq.*, and Section 15-57 of the Palm Beach County Code.[1] He alleges that Defendant Annie Raso ("Raso"), owner and operator of the Nature's Way Café, denied him service because of his race. Defendants' position

---

[1] This provision of the Palm Beach County Code reflects the language of FCRA and the parties have briefed it similarly. For purposes of legal analysis, they are treated identically.

is that he was denied service because he was mistaken for a prior customer who had ordered food but failed to pay for it.

## II. Facts

Defendant Raso owns and operates the restaurant known as "Nature's Way Café," located in Lantana, Florida. Catherine Gillot is a co-owner of the café. The restaurant is open to the public and serves foods such as salads, sandwiches, wraps, soups, and smoothies. Plaintiff is an African-American who, on March 23, 2006, walked into this restaurant in order to purchase lunch for himself, his mother, and two of his mother's co-workers. (Bivins Dep. 56:14-16, 61:7-9, 83:16-21, May 16, 2007.) This was Plaintiff's first visit to the Nature's Way Café. (Bivins Dep. 74:6-8, May 16, 2007.)

Bivins sat at a table and looked at the menu before placing his order. (Bivins Dep. 79-80 May 16, 2007.) He also spoke on the telephone with his mother and her co-workers at the Lake Worth Community Development Corporation ("CDC") to obtain the remainder of the food order. (Bivins Dep. 81-82, May 16, 2007.) Plaintiff then placed an order with the cashier, Shannon Smith, an African-American employee. (Bivins Dep. 92-93, May 16, 207.) Smith told Bivins the amount of the order was approximately $24.00. Bivins had $21.00 in his wallet. (Bivins Aff. 5.) Bivins advised Smith he was going to an ATM machine and would return with the $3.00 difference. (*Id.*)

Defendant Raso became aware that Bivins did not have enough money to pay for his order. Defendant Raso demanded that Bivins leave the café. (Bivins Dep. 99-100 May 16, 2007.) She told him that he had previously been in her restaurant before that day, placed an order, and left without paying. (Bivins Aff. 6; Raso Aff. 8.) Bivins denied this. (Bivins Aff. 6.) Raso eventually called the police. (Raso Aff. 11; Bivins Dep. 99-100.) Raso and Bivins left the

restaurant to wait for the police to arrive. (Raso Aff. 12.)   Chief Mangold responded. (Bivins Aff. Ex. A.)  Raso told Chief Mangold that Bivins has a habit of ordering large meals and not paying for them. (*Id.*)  Chief Mangold told Bivins not to return or he would be arrested for trespassing. (*Id.*)

Bivins filed a complaint with the Palm Beach County Office of Equal Opportunity ("OEO").  At the conclusion of the investigation, the Director of the OEO found probable cause to believe that there was a violation of § 15-57, Palm Beach County Code, and issued a "Determination of Probable Cause." (Compl. Ex. A.)

### III. Summary Judgment

Summary judgment is appropriate only when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party bears the burden of meeting this exacting standard.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party.  *See Arrington v. Cobb County*, 139 F.3d 865, 871 (11th Cir. 1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor.  *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).  The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Further, conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well supported summary judgment motion.  *See Earley*, 907 F.2d at 1081.  The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  *See Celotex*, 477 U.S. at 322.

If the record presents factual issues, however, the Court must not decide them; it must deny the motion and proceed to trial.  *See Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5th Cir. 1981).

Having reviewed the record and counsels' arguments, the Court finds that summary judgment is not appropriate because several issues of material fact remain in dispute, including Defendant Raso's intent and motivation when she refused to serve Bivins and ordered him from her café.  Questions of motive and intent are particularly inappropriate for summary judgment.  *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473 (1962).  Accordingly, summary judgment is due to be denied.  Therefore, it is

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment (DE 27) is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, FL, this 4th day of October, 2007.

_____
                                       DONALD M. MIDDLEBROOKS
                                       UNITED STATES DISTRICT JUDGE

Copies to counsel of record

5