UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. : 07-80159-CIV-MIDDLEBROOKS/JOHNSON

CHRISTOPHER BIVINS,

    Plaintiff,

vs.

WRAP IT UP, INC. d/b/a NATURE'S
WAY CAFÉ, ANNIE RASO, and
NATURE'S WAY CAFÉ
FRANCHISING, LLC

    Defendants.
_____/



## BREAK ORDER IN AID OF EXECUTION

THIS CAUSE comes before the Court on Plaintiff/Judgment Creditor CHRISTOPHER BIVINS' Motion for Break Order in Aid of Execution (DE143) against Defendant, Annie Raso. The Court has reviewed the record and is otherwise fully advised in the premises.

In this action, Plaintiff alleged violations of Title II of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000a, *et seq.*, 42 U.S.C. § 1981, the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et seq.*, and Section 15-57 of Article III of the Palm Beach County Code following a visit to the Nature's Way Café. Plaintiff alleged Defendant refused to serve him because of his race. Following a non-jury trial that took place on October 15 through October 16, 2007, the Court entered judgment in favor of Plaintiff.

In an Order dated February 29, 2008 (DE 102), the Court granted in part and denied in part Plaintiff's Verified Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (DE 89). The Court entered judgment, for which execution may issue, in favor of Plaintiff and against Defendant for $33,206.88 representing attorney's fees, $2,493.75 representing the expert's fee, and $11,122.67 for costs and expenses. See (DE 102). The Clerk issued a writ of

Execution against Defendant on July 2, 2008, in the amount of $46,823.30 and post-judgment interest at 2.99% (DE 124).

Plaintiff alleges that with the exception of the amount of $457.00 obtained through a Writ of Garnishment served on Garnishee BankAtlantic, no monies have been received by Plaintiff in payment of the attorneys' fees, costs, and expert fees. See (DE 143). Plaintiff further alleges that Defendant has possession of a 2007 Volvo, believed to be locked in a garage at her residence at 118 Sedona Way, Palm Beach Gardens, FL 33418, and in support has filed a bill of sale, dated July 7, 2007, signed by Defendant, for the purchase of a 2007 Volvo from Suburban Volvo Palm Beach. Id. This bill of sale states that Defendant's address is 118 Sedona Way, Palm Beach Gardens, FL, 33418. Id.

Plaintiff alleges that the U.S. Marshal advised undersigned counsel that a Break Order from this Court is necessary to seize the vehicle and/or other property in the event Defendant is not present at her residence or does not cooperate. Id.

As of the date of this Order, Defendant has not responded to Plaintiff's Motion (DE 134) or otherwise filed any motions.

Break Orders may be issued as follow under Florida law:

> In executing the writ of replevin, if the sheriff has reasonable grounds to believe that the property or any part thereof is secreted or concealed in any dwelling house or other building or enclosure, the sheriff shall publicly demand delivery thereof; and, if it is not delivered by the defendant or some other person, the sheriff shall cause such house, building, or enclosure to be broken open and shall make replevin according to the writ; and, if necessary, the sheriff shall take to his or her assistance the power of the county. However, if the sheriff does not have reasonable grounds to believe that the property to be replevied is secreted or concealed in any dwelling house or other building or enclosure, the plaintiff may petition the court for a "break order" directing the sheriff to enter physically any dwelling house or other building or enclosure. Upon a showing of probable cause by the plaintiff, the court shall enter such "break order."

Section 78.10, Fla. Stat.

After rendition of a final judgment, a judgment debtor is not entitled to prior notice of a levy or entry of a Break Order as the debtor "must take notice of what will follow, no further notice being

necessary to advance justice." See So. Fla. Trust Co. v. Miami Coliseum Corp., 133 So. 334, 335 (Fla. 1931). Because of the reality that personal property in a debtor's home is often portable and can be relatively easily secreted or moved if advance notice of a levy is given, it is an appropriate procedure for a judgment creditor to obtain a Break Order on an ex parte basis. See Braswell v. Ryan Investments, LLC, 2003 WL 354509 (Fla.Cir.Ct. 2003).

Based on the bill of sale for Defendant's 2007 Volvo, the Court finds Plaintiff has shown probable cause that Defendant's Volvo is kept at Defendant's residence at 118 Sedona Way, Palm Beach Gardens, FL, 33418.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Entry of Break Order in Aid of Execution (DE 134) is GRANTED. The U.S. Marshals are authorized to use reasonable force if necessary to physically enter the garage and the house owned by ANNIE RASO, located at 118 Sedona Way, Palm Beach Gardens, FL 33418, in order to serve the Writ of Execution, and seize or levy on personal property as set forth in the Writ.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 12 day of August, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Linda J. Ehrlich, Esq.
Arthur T. Schofield, Esq.
Gary A. Isaacs, Esq.